IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

**UNITED STATES OF AMERICA**,  )  D.C. CR. NO. 2000-016
        Plaintiff,  )
          )
    v.  )
          )
**ROBERT DOWLING**,  )
        Defendant.  )
_____)

**O R D E R**

**THIS MATTER** is before the Court on Robert Dowling's ("Dowling") *pro se* motion to terminate his allegedly void judgment pursuant to FED. R. CIV. P. 60(b)(4), the government's opposition thereto, and Dowling's reply.

Dowling pled guilty on April 6, 2000 to Count 1, manufacturing a controlled substance, to wit, more than 50 marijuana plants, within 1,000 feet of a school, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C) and Section 860(a).[1] In a Judgment entered on August 16, 2000, Dowling was sentenced to 15 months imprisonment, 6 years supervised release, a $500 fine, and a $100 special assessment. Dowling did not appeal his sentence, and, to date, has not filed any habeas corpus petitions. Instead, he filed the instant Rule 60(b)(4) alleging that his judgment is void.

Dowling specifically argues that he should not have been charged and ultimately punished for violating both 21 U.S.C. §§

---

[1] *See* D.C. CR. NO. 2000-016 (Docket No. 6, Plea Agreement).

*USA v. Dowling*
D.C. CV. NO. 2000-016
Order
Page 2

841(a)(1) and 860 (a) in the same proceedings. To do so, he contends, violated his Fifth Amendment right "not to be twice put in jeopardy, which renders this judgment from its inception null and void." (Dowling's 60(b)(4) Mot. at 2.) He contends that he will suffer "a grave miscarriage of [j]ustice" if the Court does not vacate its Judgment entered on August 16, 2000. (*Id.* at 1.)

The Government argues, on the other hand, that Rule 60(b)(4) relief is not available to Dowling because it applies in very limited circumstances, and permits relief from a final judgment in a civil case, not a criminal case. (Gov't Resp. at 2.) The Government also contends that because Dowling's motion seeks only to vacate his judgment, the motion is more appropriate pursuant to 28 U.S.C. § 2255. Nonetheless, the Court would have to give notice, warning and an opportunity to amend the motion to one pursuant to § 2255, and even if it were recharacterized, it would be subject to dismissal pursuant to the one-year limitation period set forth at § 2255(f)[2] because Dowling's judgment became final in 2000 when the time for appeal ran. The Government further alleges that: (1) there is no allegation that governmental action impeded Dowling's ability to file a § 2255 petition; (2) there is no allegation that the Supreme Court has newly recognized a right applicable here and made it retroactively applicable to this case;

---

[2] *See* Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).

*USA v. Dowling*
D.C. CV. NO. 2000-016
Order
Page 3

and (3) there are no new facts alleged that could not have been discovered earlier. (Gov't Resp. at 3-4.) Lastly, the Government argues that Dowling was not sentenced for two separate convictions pursuant to § 841(a)(1) and § 860(a). Therefore, even if, for the sake of argument, the statutory description was redundant, there was no constitutional violation and voiding the sentence would not be a proper remedy. Dowling's reply essentially requests a judgment by default because, he contends, the Government's response was filed a day late, that is on the thirty-first day, rather than within 30 days as ordered by the Court.

A Rule 60(b) motion allows a court to relieve a party from a final judgment, order, or proceeding if, as Dowling argues, the judgment is void. FED. R. CIV. P. 60(b)(4). Such motions must be made "within a reasonable time." FED. R. CIV. P. 60(c)(1). "What constitutes a reasonable time is dependent on the particular facts of the case." *See, e.g., Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999).

Although not conclusively decided in this circuit, case law leads this Court to conclude that Rule 60(b) cannot be used as an independent means to relieve a defendant of a judgment in a criminal case. *See, e.g., Robinson v. Sniezek*, No. 10-3095, 2010 WL 4540439, at *2 n.2 (3d Cir. Nov. 12, 2010) ("Rule 60(b) cannot be used as an independent means to relieve a defendant of a judgment in a criminal case.") (not precedential); *Gray v. United*

*USA v. Dowling*
D.C. CV. NO. 2000-016
Order
Page 4

*States*, 385 Fed. App'x 160, 162 (3d Cir. 2010) (same) (not precedential).[3]  Moreover, even if Rule 60(b)(4) did apply to criminal cases, Dowling has failed to set forth any reason to justify his delay in raising the instant challenge within a reasonable time.  The Court further finds that the Government's response in opposition to Dowling's Rule 60(b) motion was indeed timely filed on February 8, 2010.  Lastly, the Court agrees with the Government that Dowling's judgment of conviction became final in 2000; there is no allegation that governmental action impeded Dowling's ability to file a § 2255 petition; there is no allegation that the Supreme Court has newly recognized a right applicable here and made it retroactively applicable to this case; and there are no new facts alleged that could not have been discovered earlier

---

[3] *See also United States v. Knight*, 315 Fed. App'x 435 (3d Cir. 2009) ("The Federal Rules of Civil Procedure are not applicable to criminal cases, and the District Court's denial of Knight's motion under Rule 60(b) was proper.") (not precedential); *United States v. Rojas*, 343 Fed. App'x 748 (3d Cir. 2009) noting that a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is not an appropriate vehicle for challenging a criminal conviction) (per curiam) (not precedential); *United States v. Bullard*, No. 00-085, 2008 WL 4899345, at *5 (E.D.Pa. Nov. 12, 2008) (noting that there is some authority for the proposition Rule 60(b)(4) is inapplicable to criminal cases) (citations omitted); *United States v. Mortimer,* 256 Fed. App'x. 468, 469 (3d Cir. 2007) (*per curiam*) (not precedential) ("Rule 60(b) of the Federal Rules of Civil Procedure . . . applies to civil, not criminal, cases."); *United States v. Mosavi,* 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam) (stating Rule 60(b) simply does not provide for relief from judgment in a criminal case...."); *see* Fed. R. Civ. P. 1 ("These rules govern the procedure in all *civil* actions ...") (emphasis added); *United States v. Fair,* 326 F.3d 1317, 1318 (11th Cir. 2003) (citing *Mosavi,* stating that Rule 60(b) does not apply in criminal cases and stating "Rule 60(b)(4) is a civil motion that is not available to an individual challenging his sentence under § 3582(c)(2)."); *Delgado v. United States,* No. 05-cv-5480, 92-cr-24825, 2005 WL 2789188, at *1 (E.D.Pa. Oct. 21, 2005) (treating a Rule 60(b) motion raising a speedy trial right violation as a second and successive habeas petition because the defendant "collaterally attacks his underlying conviction.").

*USA v. Dowling*
D.C. CV. NO. 2000-016
Order
Page 5

through the exercise of due diligence.  *See* 28 U.S.C. § 2255.[4]

Having duly considered this matter, it is hereby

**ORDERED** that Dowling's motion to terminate void judgment pursuant to Fed. R. Civ. P. 60(b)(4) is **DENIED.**

**DONE AND SO ORDERED** this 9 day of March 2011.

**E N T E R:**

/s/ Raymond L. Finch
_____
**RAYMOND L. FINCH**
**SENIOR DISTRICT JUDGE**

**Copies to:**
United States Attorney
Robert Dowling, Reg. No. 05367-094, F.C.I. Morgantown, P.O. Box 1000, Morgantown, WV 26507 (Please Mark: "LEGAL MAIL")

---

[4] A petition for relief pursuant to § 2255 must be filed within a year from the latest of four dates:

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.